IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

JULIA ROLAND,                           §
                                        §
          Plaintiff,                    §
                                        §
v.                                      §          Civil Action No. 3:08-CV-2084-K
                                        §
KATHLEEN SEBELIUS, SECRETARY            §
OF HEALTH AND HUMAN SERVICES            §
                                        §
          Defendant.                    §

## MEMORANDUM OPINION AND ORDER

Before the Court is the Defendant's, the Secretary of Health and Human Services (the "Secretary"), Motion to Dismiss, or alternatively, for Summary Judgment (Doc. No. 23).  Following review and consideration of the motion, response, reply, pleadings on file in this case, administrative record, and the applicable law, the Court **GRANTS** Defendant's Motion for Summary Judgment thereby affirming the decision of the Secretary, and dismisses Plaintiff's lawsuit with prejudice.  All other outstanding motions are hereby **DENIED**.  Further the Clerk is directed to correct Defendant's name to Kathleen Sebelius, Secretary of Health and Human Resources.

## I.      Factual and Procedural Background

Plaintiff, Julia Roland ("Roland") was injured in a car accident with a third party. Pending settlement with the third party, Medicare provided conditional payments to Roland for medical services related to her accident.  Later, Roland and her husband settled with the third party for $400,000.  The conditional Medicare payments totaled

$43,437.79, however, Medicare only sought $39,174.81 as reimbursement for the payments.  Roland promptly paid this amount then sought a financial hardship waiver for Medicare's conditional payments.

At a hearing to determine whether Roland should be awarded the waiver, the Administrative Law Judge ("ALJ") made findings of fact based on evidence submitted. The ALJ concluded, based on answers submitted by Roland to Trailblazer Health Enterprises, LLC (the "carrier" or "Trailblazer"), that Roland's financial resources were not depleted, and that she had enough assets other than her home to support her normal needs.  (Tr. 10, 109–111).  The ALJ also found, based on Roland's answers, that Roland would not experience any unfair hardship if she had to reimburse Medicare, and that her monthly ordinary and reasonable living expenses are not equal to or more than her monthly income from all sources.  (Tr. 10, 112–114).

Additionally, the ALJ concluded the third party settlement funds were not apportioned between Roland and her husband.  (Tr. 10, 14, 41–44).  Whereas Roland contends that she was only awarded $200,000 from the settlement and that the other half was awarded to her husband.  She argues that only $200,000 should be taken into consideration as to whether she should have to reimburse Medicare, because modifications to her home to accommodate her disability would be close to $245,000. But, the ALJ held that because the settlement agreement does not divide the amount between Roland and her husband then the percentages of the settlement amount should

- 2 -

not be apportioned amongst the husband or wife.  (Tr. 14, 41–44).  Furthermore, the ALJ found, based on the settlement agreement submitted as an exhibit, that the third party was to be released from all medical, hospital, and other expenses incurred by Roland and her husband due to the accident.  (Tr. 14, 41–44).  Thus, the ALJ held that the third party settlement amount was to cover these costs, not Medicare.  (Tr. 14).  Based on the foregoing, the ALJ determined that Roland received an overpayment of Medicare benefits.

The ALJ determined that Roland was without fault in causing the overpayment, however, the ALJ held that the record does not substantiate that recovery of the overpayment would defeat the purposes of Title II or Title XVIII of the Social Security Act, or would be against equity and good conscience.  (Tr. 14–15).

Roland appealed the ALJ's adverse ruling to the Medicare Appeals Council.  The Appeals Council held that the ALJ's decision was based on the proper legal standard and was supported by substantial evidence.  (Tr. 5).  Because Roland's request for review was denied the ALJ's decision stands as the final decision of the Secretary.

Plaintiff now seeks relief in this Court.  Plaintiff contends that the ALJ and Appeals Council erroneously concluded that an overpayment occurred, and furthermore, erred in refusing to waive repayment.   Defendant moved to dismiss on the basis that this Court lacks subject matter jurisdiction, or alternatively, that there are no genuine issues of material fact regarding Plaintiff's claims.  Both Parties recognize that this

Court's subject matter jurisdiction is governed by 42 U.S.C. § 405(g).

## II.     Legal Standard

Since Medicare-benefits review cases and disability-benefits review cases derive from the same source, § 405(g), both follow the same legal standards. *Estate of Morris v. Shalala*, 207 F.3d 744, 745 (5th Cir. 2000).   In this appeal, the Secretary's final decision is limited to review of two issues: (1) whether the Secretary applied the proper legal standard; and (2) whether the Secretary's decision is supported by substantial evidence. *Waters v. Barnhart*, 276 F.3d 716, 718 (5th Cir. 2002) (citing *Shalala*, 207 F.3d at 745; *see also Bowie v. Astrue*, 262 Fed. Appx. 642, 643 (5th Cir. 2008).   In this context this Court's function is limited to determining whether the record, considered as a whole, contains substantial evidence that supports the final decision of the Secretary, as the trier of fact. *Shalala*, 207 F.3d at 745; *Bray v. Bowen*, 854 F.2d 685, 686–87 (5th Cir. 1988).   The court may not reweigh the evidence or try the issues de novo or substitute its judgment for that of the Secretary. *Leggett v. Chater*, 67 F.3d 558, 564 (5th Cir. 1995); *Kane v. Heckler*, 731 F. 2d 1216, 1219 (5th Cir. 1984).   The court will, however, set aside fact findings which are not supported by substantial evidence and will correct errors of law. *Dellolio v. Heckler*, 705 F.2d 123, 125 (5th Cir. 1983).

Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U. S. 389, 401 (1971); *Adams v. Bowen*, 833 F.2d

509, 511 (5th Cir. 1987).  Substantial evidence must do more than create a suspicion of the existence of the fact to be established.  To make a finding of "no substantial evidence," the court must conclude that there is a "conspicuous absence of credible choices." *Dellolio*, 705 F.2d at 125.  Even if the court should determine that the evidence preponderates in the claimant's favor, the court must still affirm the Secretary's findings if there is substantial evidence to support those findings. *Carry v. Heckler*, 750 F.2d 479, 482 (5th Cir. 1985).  The resolution of any conflicting evidence is for the Secretary and the ALJ rather than for this court. *Allen v. Schweiker*, 642 F.2d 799, 801 (5th Cir. 1981).

## III.    Analysis

The ALJ and Appeals Council could properly find from the evidence of record that Plaintiff had received an overpayment of Medicare benefits.  Medicare may provide conditional payments for medical services provided to a beneficiary pending a judgment or settlement between the beneficiary and third party.   42 U.S.C. § 1395y(b)(2)(B)(i)–(ii).   Once a judgment is entered or a settlement is reached between the parties then the beneficiary is deemed to have received an overpayment of medicare benefits. *Id.*

Based on evidence and testimony received during the hearing before the ALJ, the ALJ determined that Medicare made conditional payments to Plaintiff in the amount of $43,437.79 for medical services furnished to Plaintiff.  (Tr. 9).  In addition, the ALJ found that after the conditional payments were made Plaintiff and her husband received

- 5 -

a third party settlement in the amount of $400,000.  (Tr. 10).  When Plaintiff reached a settlement with the third party the conditional payments became overpayments.

Plaintiff argues that the settlement agreement did not cover medical services, and therefore, there was no overpayment.  But, the settlement agreement released the third party from all medical, hospital, and other expenses.  (Tr. 14, 41–44).  Thus, based on the language of the settlement agreement, the ALJ could logically conclude that the settlement proceeds were intended to provide for those medical service costs.  (Tr. 14, 41–44).

Additionally, Plaintiff asserts that no overpayment occurred because she only received $200,000 in third party settlement funds while the cost to modify her home will be $245,000.  Without commenting as to whether home modifications are a proper basis to apply Medicare funds, the settlement agreement does not apportion the $400,000 between Plaintiff and her husband.  (Tr. 14, 41–44).  As a result, the ALJ had a valid basis not to divide the settlement funds between the spouses.  (Tr. 14, 41–44).  Thus, the Court concludes that the Secretary's determination that Plaintiff received an overpayment of Medicare benefits is supported by substantial evidence.

Having determined that there is substantial evidence to support the Secretary's determination that an overpayment existed, the Court must decide whether it was reasonable for the Secretary to deny waiver of recovery of the overpayment.

Waiver of recovery of an overpayment is granted by the Secretary only when the

- 6 -

overpaid individual is "without fault" in causing the overpayment and recovery of the overpayment would defeat the purposes of Title II or Title XVIII of the Social Security Act or offend equity and good conscience.  42 U.S.C. § 404(b); *Bray v. Bowen*, 854 F.2d 685, 686 (5th Cir. 1988).  Because the ALJ determined that Plaintiff was "without fault" in causing the overpayment, the inquiry narrows to the other two criteria.

The Secretary considers recovery of an overpayment to defeat the purpose of Title II or Title XVIII if it would deprive the individual of ordinary and necessary living expenses.  20 C.F.R. § 404.508(a); *Patel v. Astrue*, 300 Fed. Appx. 313, 316 (5th Cir. 2008); *Milton v. Harris*, 616 F.2d 968, 974 (7th Cir. 1980).  Recovery is considered to go against equity and good conscience if the recipient either changed her position for the worse or relinquished a valuable right because of her receipt of the overpaid benefits. 20 C.F.R. § 404.509(a)(1); *Milton*, 616 F.2d at 974.  The burden is upon the claimant to show that repayment would defeat the purposes of the Social Security Act.  *Valente v. Sec'y of Health & Human Servs.*, 733 F.2d 1037, 1042 (2d Cir. 1984).

The ALJ  applied a broader definition of "against equity and good conscience" as recognized by the Ninth Circuit.  *See Quinlivan v. Sullivan*, 916 F.2d 524, 527 (9th Cir. 1990).  The expanded definition includes the ordinary meaning of the statutory language and takes into account the facts and circumstances of each case.  *Id.*  Although the Fifth Circuit has not recognized the expanded definition, this Court—out of an abundance of caution—will analyze Plaintiff's claim under the broader definition.

As discussed earlier, Plaintiff's answers to the carrier regarding her financial situation were submitted as evidence during the hearing. (Tr. 10). In these submissions, Plaintiff asserted that her financial resources were not depleted, and that she had enough assets other than her home to support her normal needs. (Tr. 10, 109–111). She also stated that she would not experience any unfair hardship if she had to reimburse Medicare, and that her monthly ordinary and reasonable living expenses are not equal to or more than her monthly income from all sources. (Tr. 10, 112–114). Moreover, Plaintiff explained that she does not expect to incur additional medical expenses. (Tr. 109, 111). Finally, evidence was submitted that Plaintiff and her husband received a third party settlement of $400,000. (Tr. 10, 41–44).

Based on these facts, it is reasonable that the Secretary denied waiver. Recovery of $39,174.81 in overpayment will not deprive Plaintiff of essential living expenses. Plaintiff's favorable financial situation and the absence of any evidence of a detrimental change of position in reliance upon the overpaid sums, prevent Plaintiff from alleging that recovery would offend equity and good conscience under any standard. As a result, the Secretary's decision to deny waiver of the overpayment is supported by substantial evidence.

## IV.    Conclusion

For the foregoing reasons, the Court affirms the Secretary's determination, and thus, **GRANTS** Defendant's Motion for Summary Judgment, and dismisses Plaintiff's

claims with prejudice.   Accordingly, the Court will enter a separate judgment for Defendant.  All other outstanding motions are hereby **DENIED**.

        **SO ORDERED.**

        Signed January 6th, 2010.


*Ed Kinkeade*
_____
ED KINKEADE
UNITED STATES DISTRICT JUDGE